UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLAUDIA J. SMITH                                            CIVIL ACTION

VERSUS                                                      NUMBER 12-400-SDD-RLB

BATON ROUGE RADIOLOGY GROUP

**ORDER**

This matter is before the Court on a referral by the District Court of the plaintiff's Motion to Appoint Counsel (rec. doc. 17).  Plaintiff previously requested appointment of counsel in an Application Under Section 706(f) of Civil Rights Act of 1964, 42 U.S.C. §2000e-5(f)(1) (rec. doc. 2).  That request was denied (rec. doc. 3) as was the plaintiff's Motion for Reconsideration of that denial (rec. docs. 12, 13).

The plaintiff's complaint and EEOC documents allege that she had been employed by defendant since mid-2004, is hard of hearing, and therefore speaks loudly. When she was reassigned from working in a back office to working at a front desk in early 2010, she alleges she asked for an accommodation of moving to another office, but the accommodation was refused. Some months later, a patient overheard her talking loudly on the telephone while at the front desk, and she was counseled about the incident. There were a couple of other incidents relating to the plaintiff's re-assignment to the front desk, and plaintiff was terminated several months later in September, 2010.  The plaintiff thereafter alleged in her EEOC complaint that she was discriminated against on the basis of her disability (hard of hearing), and suffered retaliation in the form of write-ups and termination for requesting an accommodation.

At the outset, the Court notes that there is no absolute right for appointment of counsel in a discrimination suit under Title VII, but rather the decision of whether or not to appoint counsel

lies within the discretion of the court. "Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant . . ." 42 U.S.C. §2000e-5(f)(1). The court looks to the following factors to determine whether or not to appoint counsel:

> (1) the merits of the plaintiff's claims of discrimination;
> (2) the efforts taken by the plaintiff to obtain counsel; and
> (3) the plaintiff's financial ability to retain counsel.

*Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990); *see also Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir. 1984); *Reado v. Tx. Gen. Land Office*, 929 F.Supp. 1046, 1048 (E.D. Tex. 1996). Several courts also consider a plaintiff's ability under the circumstances of the case to present the case without the assistance of an attorney. *See, e.g., Poindexter v. F.B.I.*, 737 F.2d 1173, 1189 (D.C. Cir. 1984) (recognizing "the plaintiff's background and demonstrated skills suggest that appointment of counsel is unnecessary"); *Hudak v. Curators of Univ. Of Mo.*, 586 F.2d 105, 106 (8th Cir. 1978) ("[the plaintiff's] control over the details of the litigation thus far indicates that she is able to represent herself"). The Fifth Circuit has implicitly recognized the correctness of such a further inquiry. *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166–67 (5th Cir. 1990) (considering the plaintiff's "education and demonstrated ability to represent himself").

"No single factor is conclusive." *Gonzales*, 907 F.2d at 580. Further, while appointment of counsel may be granted, it is not an "automatic right" and "the decision whether to appoint counsel rests within the sound discretion of the trial court." *Id*. at 579 (citations omitted).

Magistrate Judge Dalby previously determined that one factor weighing in the plaintiff's favor is a financial one. (rec. doc. 3) (granting plaintiff's request to proceed in forma pauperis

and recognizing inability to pay an up front retainer).  However, as previously noted, financial ability is but one of the factors to be considered.  Indeed, counsel frequently are retained through arrangements such as contingency fee contracts.  Additionally, if the suit is successful and attorney's fees are awarded, counsel will be compensated by the defendant. 42 U.S.C. § 2000e-5(k).  It obviously is not enough for a plaintiff to merely "wish" for counsel and to be lacking in financial ability.  She must also show that her claim has merit, and that she has made diligent efforts to obtain counsel.

Magistrate Judge Dalby also determined that the plaintiff had not made sufficient effort to retain counsel on her own (rec. doc. 3).  The plaintiff indicated that she made several telephone calls to different attorneys' offices, but the attorneys she contacted either had disconnected numbers, did not return her calls, or did not handle "these cases."  (rec. doc. 2 at 2). The plaintiff did not state whether or not she had inquired about the possibility of a contingency fee agreement with any attorney.  In support of the instant motion, the plaintiff has not provided any additional information.  Indeed, the materials provided are the same handwritten notes that Magistrate Judge Dalby found to be insufficient (*Compare* rec. doc. 2 at 17, 19, *with* rec. doc. 17 at 3-4).

The Court has also considered the merits of the plaintiff's claim.  In applying this factor, courts have looked to the EEOC's determination to assist it in determining whether the plaintiff's claim is reasonable. *Poindexter*, 737 F.2d at 1187-88.  The EEOC determined that based on the information provided by the plaintiff, "the EEOC is unable to conclude that the information obtained establishes violations of the statutes." (rec. doc. 1 at 13).  This factor also weighs against the appointment of counsel.

Finally, the Court has considered the plaintiff's ability to present the case without the assistance of an attorney.[1]  The Court notes that this Complaint is neither factually nor legally complex.  The plaintiff has set out the factual basis for her claim in her complaint, which reflects that she understands the proceedings and can address the issues presented.  The plaintiff has filed motions with the Court and has partially participated in the discovery process through the exchange of initial disclosures.[2]

Further, it does not appear that any great skill will be needed to cross-examine the witnesses in connection with the issues in this case.  *Pro se* plaintiffs are given great flexibility in the examination of witnesses.  The plaintiff has adequately presented her case thus far and does not appear to come within the standard established by Title VII and this Circuit.

Further, to the extent the plaintiff may assert that she has a limited knowledge of the law, this is true of nearly every individual who prosecutes a *pro se* lawsuit.  For this reason, *pro se* pleadings are held to less stringent standards than formal pleadings drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) ("the allegations of the pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers").  This Court is liberal in reviewing *pro se* pleadings and motions, giving *pro se* plaintiffs ample opportunity to amend if necessary, and granting generous extensions of time to comply with court orders.  Consequently, the Court's liberal construction of *pro se* pleadings and motions, coupled with the lack of

---

[1] Some analysis relevant to this determination can be found in Magistrate Judge Dalby's analysis of plaintiff's request under the factors applicable to appointment of counsel pursuant to 28 U.S.C. § 1915(d) and applies to plaintiff's current request as well (rec. doc. 3 at 3-4).

[2] Although the Court has issued an order compelling her to respond to discovery, this is not due to the plaintiff's inability to understand the proceedings.  Rather, this was a failure on her part to participate diligently as required.

complexity of the legal issues in this case, together with the plaintiff's apparent ability to litigate this action *pro se*, convinces the Court that the appointment of counsel is not necessary at this time. *See Salmon*, 911 F.2d at 1166-67 (agreeing with the district court that "[a]lthough petitioner adequately demonstrated both his inability to retain counsel and his indigency, . . . these findings alone did not merit appointment of counsel, given petitioner's education and demonstrated ability to represent himself.").

Therefore, for the reasons stated above,

**IT IS ORDERED** that plaintiff's Motion to Appoint Counsel is **DENIED**.

Signed in Baton Rouge, Louisiana, on June 24, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**