UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLAUDIA J. SMITH                     CIVIL ACTION

VERSUS                               NO. 12-400-SDD-RLB

BATON ROUGE RADIOLOGY GROUP

# RULING

This matter is before the Court on the Plaintiff's *Response*[1] to the Court's *Ruling and Order of Dismissal.*[2] The Defendant, Baton Rouge Radiology Group, has filed an *Opposition to Plaintiff's Response to Ruling and Order of Dismissal*[3] along with a *Motion to Strike Evidence.*[4] For the reasons which follow, the Court finds that Plaintiff has failed to show good cause to vacate the *Ruling and Order of Dismissal.* Alternatively, the Court has considered Plaintiff's *Opposition* to the Defendant's original *Motion for Summary Judgment,*[5] and finds that the Defendant is entitled to summary judgment as a matter of fact and law.

---

[1] Rec. Doc. 32.

[2] Rec. Doc. 29.

[3] Rec. Doc. 33.

[4] Rec. Doc. 34.

[5] Rec. Doc. 26.

Doc 318                                1

I. GOOD CAUSE TO RE-OPEN CASE

The record reflects that the Court issued a *Ruling and Order of Dismissal* after Plaintiff failed to comply with Local Rule 7.4 by filing an opposition to the Defendant's *Motion for Summary Judgment* within twenty-one (21) days. The Court's *Ruling* provided that, "[a]ny response to this ruling, based on the appropriate Federal Rule of Civil Procedure, shall be filed within fourteen (14) days and must be accompanied by an opposition memorandum to the original motion."[6] Plaintiff filed a response to the Court's *Ruling*, which included her *Opposition* to the original *Motion for Summary Judgment*. Plaintiff represented to the Court that she was hospitalized for eleven (11) days in April of 2013, and had wrist surgery on June 19, 2013. The Court is also aware that Plaintiff is *pro se*, has been unable to retain counsel, and has no current home address as she lives with different friends.

However, as Defendant points out, Plaintiff fails to show how her June 19 wrist surgery prevented her from filing an opposition by July 30, 2013, or why she failed to request an extension of time to respond. Furthermore, in the June 18, 2013 status conference, Magistrate Judge Bourgeois explained to Plaintiff the importance of timely filing an opposition. Defendant contends that at no time during this status conference did Plaintiff seek an extension of any deadlines or advise the Court that medical issues did, or would, prevent her from complying with the *Scheduling Order* in place.

Moreover, this is not Plaintiff's first misstep in complying with deadlines in this case. The record reflects that Plaintiff has repeatedly failed to comply with discovery requests despite begin given great leniency by the Magistrate Judge. Defendant contends Plaintiff only partially responded to written discovery requests by hand-delivering partial responses on August 8, 2013, well after her

---

[6] Rec. Doc. 29, p. 2.

Doc 318          2

opposition to the Defendant's *Motion for Summary Judgment* was due. Plaintiff also attached as exhibits to her opposition memorandum documents which have never been produced to the Defendant. The Defendant contends Plaintiff has also advised Defendant's counsel that she has other documents "at home" which she intends to introduce at trial that have never been produced to the Defendant.

In order to obtain relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure, a party must show "that its failure to file a timely answer or otherwise defend resulted from justifiable neglect and that a fair probability of success on the merits existed if the judgment were to be set aside."[7] Although *pro se* litigants are held to less stringent standards than lawyers, the law is clear that "a *pro se* litigant is not 'exempt ... from compliance with the relevant rules of procedural and substantive law.'[8] A *pro se* litigant is not entitled to greater rights than would be a litigant represented by a lawyer."[9] "Like other litigants, a *pro se* litigant has the burden of establishing excusable neglect, a standard which is strict and requires more than mere ignorance."[10]

In the present case, the Plaintiff has demonstrated a repeated failure to meet deadlines set by the Court and the Federal Rules of Civil Procedure, despite a great deal of leniency by the Court. The Fifth Circuit has held that justifiable or excusable neglect exists in circumstances where, through inadvertence, a party or his attorney does not receive notice of the filing of a dispositive motion and,

---

[7] *Fed. Sav. and Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1069 (5th Cir. 1988).

[8] *NCO Financial Systems, Inc. v. Harper-Horsley*, No.07-4247, 2008 WL 2277843 at *3 (E.D. La. May 29, 2008), quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

[9] *Id.*, citing *Birl*, 660 F.2d at 593.

[10] *Landry v. State Farm Fire & Cas. Co.*, Nos. 06-9019 & 06-9106, 2008 WL 2622876, at *2 (E.D. La. June 27, 2008).

Doc 318                                3

therefore, does not respond.[11] In this case, Plaintiff does not allege that she was not provided notice of the Defendant's discovery requests, motions, and the Court's orders. Quite simply, Plaintiff has not demonstrated excusable neglect which would warrant vacating this Court's previous *Ruling* and re-opening this matter.

## II. THE DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT

Out of an abundance of caution, the Court has reviewed the memorandum and evidence submitted by Plaintiff. The Court, alternatively, finds that Plaintiff has failed to identify any genuine issues of material fact under Rule 56 of the Federal Rules of Civil Procedure. Thus, summary judgment is proper in favor of the Defendant for several reasons.

### A. Brief Factual Background

Plaintiff was employed by the Defendant in one of its outpatient clinics as a medical records clerk on July 16, 2007. On September 14, 2010, Plaintiff was terminated for insubordination. Plaintiff filed this lawsuit on June 7, 2012, claiming that she was denied a workplace accommodation for hearing loss in February of 2010, and subsequently terminated in September of 2010 in retaliation for requesting this accommodation.

### B. Defendant's *Motion to Strike Evidence*[12]

The Defendant moves to strike several exhibits submitted by Plaintiff with her *Opposition*. Under the applicable Federal Rules of Civil Procedure and the Federal Rules of Evidence, this motion is GRANTED.

---

[11] *Blois v. Friday*, 612 F.2d 938, 940-41 (5th Cir. 1980); *see also, Seven Elves Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981).

[12] Rec. Doc. 34.

Doc 318                                                                 4

Case 3:12-cv-00400-SDD-RLB   Document 35   09/05/13   Page 4 of 8

Under Rule 37(c)(1) of the Federal Rules of Civil Procedure,

> [a] party without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witnesses or information not so disclosed.

Plaintiff submits the *Affidavits* of John D. Smith, Burlin B. Brumfield, and Edith T. Harper as Exhibit A. The Defendant contends that Plaintiff has never identified these individuals as those having knowledge concerning her claims as was requested in Defendant's *Interrogatories*. Thus, the *Affidavits* should be stricken under Rule 37 since Plaintiff has failed to show any substantial justification for her refusal to comply with the Court's order to respond to discovery requests.

The Defendant also argues that none of these affiants state they are competent to testify or that their testimony is based on personal knowledge as required by Rule 54(c)(4) of the Federal Rules of Civil Procedure. Defendant additionally argues that several statements contained in the *Affidavits* are not admissible evidence under the law as they constitute unsupported, conclusory allegations which are insufficient to create a material issue of fact.

The Court has reviewed the *Affidavits* and finds that they do not constitute admissible summary judgment evidence in this case. "Unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment."[13] The Court further finds that the *Affidavits* in question contain vague, conclusory statements and inadmissible hearsay. Defendants correctly point out that, although affiants Smith and Brumfield were never employed by the Defendant and neither testified

---

[13] *Galino v. Precision Am.Corp.*, 754 F.2d 1212, 1216 (5th Cir. 2005).

that he had any personal knowledge concerning the terms and conditions of Plaintiff's employment, both attempt to offer hearsay testimony regarding Plaintiff's job. In both instances, Defendants argue affiants offer hearsay testimony on which they cannot base any personal knowledge. The Court agrees, and these *Affidavits* are stricken.

Defendant also moves to strike Plaintiff's Exhibit D, which is an unsigned, incomplete copy of what appears to be page one of Defendant's position statement to the EEOC. Defendant contends this document has not been properly authenticated as a business or public record under Rule 901(a) of the Federal Rules of Evidence. Because it is incomplete and unauthenticated, the Court strikes this exhibit.

### C. No genuine issues of material fact exist on substantive claims

Also, the Defendant correctly argues that Plaintiff's failure to submit a *Statement of Disputed Material Facts* with her *Opposition* to controvert the Defendant's *Statement of Undisputed Facts*[14] is deemed an admission of Defendant's facts by the Plaintiff.[15] Plaintiff has also failed to set forth evidence, legal arguments, or applicable jurisprudence to support her claims of retaliation and disability discrimination under the Americans with Disabilities Act ("ADA"). There is no admissible summary judgment evidence that establishes that Plaintiff has a disability that is protected by the ADA.[16] The law is clear that "[m]erely having an impairment, however, does not make one

---

[14] Rec. Doc. 26-2.

[15] *See* Local Rule 56.2.

[16] Plaintiff failed to argue or present admissible summary judgment evidence that her hearing loss substantially limits a major life activity. In her deposition, Plaintiff admitted she had no problem hearing the questions posed by counsel despite the fact that she was not using, and has never used, a hearing aid. Rec. Doc. 26-1, p. 6, citing Smith Deposition, pp. 80-83.

disabled for purposes of the ADA."[17]

Furthermore, the record as established confirms that the Defendant reasonably accommodated Plaintiff's alleged disability. Plaintiff testified that, after she was transferred to the front desk, she only complained once in February of 2010 that she had trouble performing her job duties because she was hard of hearing. Plaintiff was provided hands-free earpieces for the telephone, which Plaintiff admitted resolved the problems she was having with using her hands while the phone was on her shoulder. Plaintiff testified that she was able to perform all of her job duties after receiving the earpieces. Plaintiff specifically testified that she made no other requests for workplace accommodations based on her hearing during her employment with Defendant.[18]

As to Plaintiff's retaliation claim, even if she could establish a *prima facie* case of retaliation for her alleged protected activity, the Defendant contends she has not shown that the Defendant's legitimate, non-discriminatory reason for her discharge is a pretext for discrimination and that, "but for" her alleged protected activity, she would not have been discharged. Plaintiff's disciplinary records show that she had a history of failing to comply with the Defendant's policies and procedures. Plaintiff was repeatedly counseled for taking excessive breaks, not clocking out during breaks, leaving the reception area unattended, poor customer service, engaging in unprofessional personal phone conversations which caused overhearing patients to complain. The record further establishes that, at the time of Plaintiff's termination, she had already received a final, written warning based on her unsatisfactory job performance for which she had been previously counseled.

---

[17] *EEOC v. Chevron Phillips Chem. Co., L.P.*, 570 F.3d 606, 614 (5th Cir. 2009).

[18] Smith Deposition, Rec. Doc. 26-4, pp. 90-94.

Case 3:12-cv-00400-SDD-RLB   Document 35   09/05/13   Page 7 of 8

The Defendant contends that, during this final counseling session, Plaintiff was rude, confrontational, and insubordinate. The Plaintiff has failed to show how these legitimate business reasons given for her termination are a pretext for retaliation. There is simply no evidence that Plaintiff was terminated on the basis of an alleged disability or a request for accommodation, which was granted, seven months prior to her termination.

The Court also rejects Plaintiff's attempt to allege a HIPAA violation for the first time in this matter in her *Opposition*. The record does not support such a claim, and Plaintiff has failed to justify the assertion of a new claim under Rule 16(b) of the Federal Rules of Civil Procedure at this late stage in this litigation.

### III. CONCLUSION

For the reasons set forth above, the Court declines to re-open this matter as Plaintiff has failed to show excusable neglect in her failure to comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and various Court orders. The Court also finds, in the alternative, that the Defendant is entitled to summary judgment as a matter of fact and law as Plaintiff has failed to identify genuine issues of material fact under Rule 56 of the Federal Rules of Civil Procedure which would defeat summary judgment. Therefore, the Court's previous *Ruling and Order of Dismissal* stands, and Plaintiff's claims are dismissed with prejudice.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

BATON ROUGE, Louisiana, this 5 day of September, 2013.

*Shelly D. Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA